UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   -v-<br><br>George Kokenyei,<br><br>                              Defendant. | No. 13-cr-340-8 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

As explained in its March 31, 2020 order (Doc. No. 387), the Court previously ordered the government and defense counsel to file written submissions justifying sealing of certain documents that the parties had requested be maintained under seal. Because neither the government nor defense counsel articulated a basis for continued sealing, the Court determined that the presumption in favor of open records, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), had not been overcome. *Id.* Accordingly, the Court directed the parties to file prior submissions on the public docket. (Doc. No. 387.) The government filed such submissions. (Docs. No. 388–96.) Defense counsel did not.

Defense counsel subsequently updated its position as to sealing, requesting that the Court seal certain documents and proceedings. After the government responded that it would not object to sealing in light of Mr. Kokenyei's concern about public disclosure, the Court directed the parties to submit a joint letter to supplement Mr. Kokenyei's request for sealing and to provide the Court with a basis for sealing consistent with Second Circuit precedent. The government then filed a letter stating that it would not object to unsealing the documents in question. The letter also relays that Mr. Kokenyei has expressed fear for his safety in the event of unsealing but does not otherwise

offer any justification for sealing or facts that explain the reasons for Mr. Kokenyei's fear.

Given these submissions, the Court lacks sufficient basis to find that the presumption of open records has been overcome.  *Cf. United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008) (upholding district court's sealing determination where "the district court . . . made sufficiently specific findings under seal that justified denying public access" that were "based on record evidence").  Accordingly, IT IS HEREBY ORDERED THAT the parties are directed to file prior court submissions on the public docket by July 10, 2020.[1]

SO ORDERED.

Dated:       June 10, 2020
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] Because Mr. Kokenyei's sentencing submission includes references to the medical and treatment histories of various third parties, the Court finds that the presumption in favor of open records as to that information is outweighed by the privacy interests of the interested third parties.  *See Amodeo*, 71 F.3d at 1050.  Accordingly, Mr. Kokenyi may file a redacted sentencing submission with respect to that information.